270

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.

## In re NESS et al.
### Patent Appeal No. 3150.

Court of Customs and Patent Appeals.
June 5, 1933.

Byrnes, Townsend & Potter, of Washington, D. C. (Eugene L. Greenewald and Warren J. Willis, both of New York City, and Charles H. Potter, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellants have appealed here from the decision of the Board of Appeals of the United States Patent Office, affirming the examiner's action in rejecting all the claims in appellants' application relating to new and useful improvements in flash back arrestors. In this court, the appeal was dismissed as to all the claims except claims 10 and 15, which follow:

"10. A flash back arrester comprising a cartridge holder having an internal shoulder, a removable cartridge in said holder and engaging said shoulder, and a retaining member within said holder and engaging said cartridge at the end opposite to that engaging the shoulder, said cartridge comprising a receptacle and a cover, said receptacle and cover being provided with holes, screens adjacent said holes and a finely divided unbonded flash arresting material within said receptacle, said cover engaging said receptacle with a press fit."

"15. A cartridge for a flash back arrester comprising a receptacle and a cover therefor, said receptacle and said cover each being provided with a plurality of holes, the holes in the receptacle being in the ends thereof, a screen member in said receptacle, finely divided flash arresting material in said receptacle, and upon said screen member and a second screen member upon said flash arresting material, said cover engaging said receptacle with a press fit and being in contact with said second screen member."

The references relied upon by the examiner are: Ellis, 1,170,055, February 1, 1916; Armstrong, 1,176,017, March 21, 1916; Berry, 1,328,485, January 20, 1920; Fregonara, 1,457,059, May 29, 1923; Schroder, 1,497,197, June 10, 1924; Westlund, 1,407,610, February 21, 1922; Harmer (British), 17,972, of 1913.

While it is conceded that flash back arrestors, of many different varieties, are in use, some of which involve most of the features of the device shown by appellants, it is urged by appellants that the device disclosed in their application contains a number of novel details and features of construction, and that they have provided a reliable and efficient device which can be readily recharged, and that their arrestor is especially adapted for use on acetylene lines and in connection with welding or cutting by use of a blow pipe with oxygen or acetylene; that their device successfully prevents the ignited gas from flashing back into the pipe line or into the container containing the supply of gas. They claim to have the following novel features: (1) Means independent of the couplings for retaining the cartridge in the holder; (2) the assembly of the cartridge with a press fit; and (3) the sloping shoulder which the cartridge engages.

It will be noticed that claim 10 calls for a cartridge engaging a shoulder, the retaining member engaging the opposite end of the cartridge, and the cover engaging the receptacle with a press fit. Claim 15 particularly refers to the cartridge, with the cover engaging the receptacle with a press fit and being in contact with the screen member. The importance of these features is stressed at length in appellants' brief, and it is most earnestly urged that the prior art showed no such construction. It is urged, with spe-

cial emphasis, that the reference Westlund showed no assembly of a cartridge with a press fit.

While the examiner used the seven references of record, discussion of all of which will not be necessary here, the Board of Appeals, referring to such references, said:

"This application relates to a flash back arrester of the general type disclosed in the patent to Westlund. In both applicants' structure and that of this patent a removable cartridge is provided in which unbounded, substantially finely divided flash arresting material is arranged between screens and the opposite ends of the cartridge are perforated. It is true that in Fig. 4 of Westlund the cartridge abuts a tapering seat at the side of the cartridge rather than at the inner end and also the coupling member 32 of this figure holds the cartridge in position rather than a separate member as shown at 41 of this application.

"We have fully considered all the differences urged in the brief but it is our opinion that the subject matter of the appealed claims does not patentably differ from the disclosure of this patent. The other references relied upon by the examiner we regard as merely cumulative."

The patent to Westlund relates to a flash check for acetylene gas tanks. The drawing shows a cartridge shell with a plate resting against a tapered portion at one end, a strainer disc or screen, back of which is flash arresting material such as aluminum shavings, then a screen and a perforated plate and a head "soldered or otherwise securely secured in place." The cartridge is shown to have an internal thread by which it is attached to a block which is screwed against a sloping shoulder into a valve casing, which in turn is threaded into the collar of the tank. In figure 4 of the drawing the head of the cartridge has an enlargement resting against a sloping shoulder of one of the coupling members.

We agree with the Board of Appeals that the Westlund patent shows all that is inventive in appellants' application. The device in Westlund is constructed substantially on the same plan as that of appellants, and we are of the opinion that to provide the elements of difference in the two structures did not require invention.

The decision of the Board of Appeals is affirmed.

Affirmed.